**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELMA THOMAS and LENFORD THOMAS, Plaintiffs, v. BJ'S WHOLESALE CLUB, INC., WATCHUNG UE LLC a/k/a URBAN EDGE PROPERTIES, JOHN DOES 1–10 and/or XYZ CORPS. 1–10, Defendants. | Civil Action No. 19-17048 (MAS) (ZNQ) **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants BJ's Wholesale Club, Inc. ("BJ's") and Watchung UE LLC a/k/a Urban Edge Properties's ("Watchung") (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Plaintiffs Elma Thomas and Lenford Thomas (collectively, "Plaintiffs") did not respond. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Defendants' Motion to Dismiss and sua sponte remands the matter to the Superior Court of New Jersey.

## I. BACKGROUND

Plaintiff Elma Thomas was injured while lifting a piece of patio furniture inside a BJ's store. (Notice of Removal ¶ 2, ECF No. 1.) Lenford Thomas is the husband of Elma Thomas. (*Id.* ¶ 54; Compl. 6, Ex. A to Notice of Removal, ECF No. 1-4.) Plaintiffs are New Jersey residents.

(Compl. 1; Notice of Removal ¶ 12.) BJ's is a Delaware corporation with its principal place of business located in Massachusetts. (Compl. 2; Notice of Removal ¶ 13.) Watchung, the lessor of BJ's premises, is a limited liability company located at 210 Route 4 East in Paramus, New Jersey. (Compl. 2.) The parties do not provide sufficient information to determine the citizenship of Watchung, however, the Court considers Watchung a citizen of New Jersey.[1]

On July 26, 2019, Plaintiffs filed suit in the Superior Court of New Jersey, Law Division, Middlesex County. (Notice of Removal ¶ 1; Compl. 1.) On August 22, 2019, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and asserted subject matter jurisdiction existed under 28 U.S.C. § 1332. (Notice of Removal ¶¶ 10–11.) Defendants assert that Plaintiffs fraudulently joined Watchung and that complete diversity exists among the properly joined parties. (*Id.* ¶¶ 6–9.) Defendants claim that Watchung was fraudulently joined because BJ's leased its premises under a triple-net lease, and, according to Defendants, a triple-net lease shields the lessor, Watchung, from liability for personal injury claims under New Jersey law. (*Id.* ¶¶ 4–9.) Plaintiffs did not move to remand.

On September 25, 2019, Defendants moved to dismiss Plaintiffs' claims for punitive damages in Counts Three and Four of the Complaint and to dismiss all claims against Watchung pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Moving Br. 1, ECF No. 9.) Plaintiffs did not respond.

---

[1] "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Neither Plaintiffs nor Defendants provide information about the citizenship of Watchung's members. Because Defendants argue that diversity jurisdiction exists based on fraudulent joinder, (*see* Notice of Removal ¶¶ 9, 34), which is only necessary if Watchung is a citizen of New Jersey, and because removal pursuant to § 1441 is "strictly construed against removal," *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004), the Court considers Watchung a citizen of New Jersey.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"[C]ourts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Citizens United Reciprocal Exch. v. Meer*, 321 F. Supp. 3d 479, 485 (D.N.J. 2018). Sua sponte review of subject matter jurisdiction is proper where a case has been removed based on fraudulent joinder—even where the plaintiff has not moved to remand. *Berckman v. United Parcel Serv.*, No. 07-5245, 2007 WL 4080372, at *1 (D.N.J. Nov. 14, 2007) (citing 28 U.S.C. § 1447(c); *Martin v. Wilkes-Barre Pub. Co.*, 567 F. Supp. 304, 306 (M.D. Pa. 1983)).

A defendant may remove a civil action filed to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Where subject matter jurisdiction is based on diversity jurisdiction, each opposing party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer*, 913 F.2d at 111. Once the case has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal under § 1441 is "strictly construed against removal." *Samuel-Bassett*, 357 F.3d at 396. All doubts are to be resolved in favor of remand. *Id.* at 403.

### B. Fraudulent Joinder

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, [a] diverse

3

defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* A defendant is fraudulently joined when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks omitted). A claim is not colorable if it is "wholly insubstantial and frivolous." *Id.* at 852.

"Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Boyer*, 913 F.2d at 111 (internal quotation marks omitted). In evaluating the alleged fraud, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed. *Id.* The court must assume all well-pleaded factual allegations are true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 852 (quoting *Boyer*, 913 F.2d at 111). A district court may look beyond the "pleading allegations to identify indicia of fraudulent joinder," but "must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112). "[I]nquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852. Therefore, a party may not be fraudulently joined even where the claims against that party may ultimately be dismissed for failure to state a claim. *Id.*

4

## III. DISCUSSION

Defendants argue that all claims against Watchung must be dismissed because a landlord bears no liability for personal injuries where there is a triple-net lease—a lease where the tenant pays utilities, taxes, and other associated charges. (Defs.' Moving Br. 11–12.)[2] Defendants assert that at the time of the accident BJ's rented the premises from Watchung under a triple-net lease. (*Id.* at 11.)

The Court must first fulfill its independent obligation to satisfy itself that subject matter jurisdiction exists. Defendants argue the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Watchung was fraudulently joined and Plaintiffs are diverse from BJ's—the only properly joined defendant. (Defs.' Moving Br. 3.) Plaintiffs are citizens of New Jersey, and the Court considers Watchung a citizen of New Jersey. (Compl. 2; *see supra* note 1.) Diversity jurisdiction only exists, therefore, if Plaintiffs fraudulently joined Watchung.

Defendants fail to meet their burden to demonstrate that Plaintiffs fail to state a claim against Watchung. Throughout the Notice of Removal and Moving Brief, Defendants cite only two cases in support of their argument that a triple-net lease precludes liability for Watchung, but neither case demonstrates that personal injury claims against a landlord must be dismissed at this stage of the litigation. *See Geringer v. Hartz Mountain Dev. Corp.*, 908 A.2d 837, 838 (N.J. Super. Ct. App. Div. 2006) (affirming appeal from grant of summary judgment for the defendant); *McBride v. Port Auth. of N.Y. & N.J.*, 685 A.2d 520, 523 (N.J. Super. Ct. App. Div. 1996) (reversing a jury verdict for the plaintiffs). Both of these cases resolved the merits of landlord

---

[2] Defendants also argue that punitive damages are not proper for Counts Three and Four because Plaintiffs fail to plead sufficient facts to reasonably infer the misconduct necessary to support relief under the New Jersey Punitive Damages Act. (Defs.' Moving Br. 3, 5.) Because the Court finds it lacks subject matter jurisdiction, the Court does not reach this argument.

liability at a later stage of the litigation. The Court finds, therefore, that Defendants fail to meet their "burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and denies Defendants' motion to dismiss Plaintiffs' claims against Watchung.

Because Defendants fail to meet their burden of showing that no claim has been presented, and this burden is lower than the "heavy burden" of demonstrating fraudulent joinder, *see Batoff*, 977 F.2d at 852, the Court also finds that Defendants fail to establish the Court's subject matter jurisdiction. The Court, accordingly, remands this matter to the Superior Court of New Jersey.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Defendants' Motion to Dismiss and remands the matter to the Superior Court of New Jersey.

*/s/ Michael A. Shipp*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE